# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

TAMMY A. ZAMBRANO,            )
                              )
            Plaintiff,        )
                              )
v.                            )      Case No. CIV-11-064-KEW
                              )
MICHAEL J. ASTRUE,            )
Commissioner of Social        )
Security Administration,      )
                              )
            Defendant.        )

## OPINION AND ORDER

Plaintiff Tammy A. Zambrano (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on May 21, 1963 and was 46 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant worked in the past as a receptionist and production worker. Claimant alleges an inability to work beginning June 30, 2002 due to limitations resulting from neck, back, and shoulder pain and other symptoms status post cervical fusion, right

shoulder acromioplasty and debridement, and partial distal clavicle excision, carpal tunnel syndrome, and reactive airway disease.

## Procedural History

On January 18, 2008, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On July 7, 2009, an administrative hearing was held before ALJ Kim D. Parrish in Ardmore, Oklahoma. On September 22, 2009, the ALJ issued an unfavorable decision. On December 22, 2010, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with some limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly evaluate the opinions of a nurse practitioner; and (2)

failing to apply Soc. Sec. R. 83-20.

**Evaluation of the Opinions of Nurse Practitioner**

Claimant contends the ALJ committed error by failing to consider or discuss the opinion offered by nurse practitioner, Patricia Owens. Ms. Owens completed a Medical Assessment of Ability to Do Work-Related Activities (Physical) on Claimant dated June 15, 2009. She determined Claimant could sit (upright but not reclined), stand, and walk for one hour for each activity in an 8 hour workday. Ms. Owens found Claimant could not work an 8 hour day at any level, even with the option to sit or stand alternately and with usual breaks. She further determined Claimant could not lift any weight. Ms. Owens stated Claimant could not engage in simple grasping, pushing and pulling of arm controls or engage in fine manipulation with her right hand and could not engage in fine manipulation with her left hand. She found Claimant could not use her feet to push and stated that Claimant would have to recline every 2 hours for 10 to 20 minutes. (Tr. 677).

In his decision, the ALJ found Claimant suffered from the severe impairments of status post cervical and clavicle surgery. (Tr. 15). He determined Claimant retained the RFC to perform light work with the restrictions that she is limited to frequent picking, pinching, and otherwise working with fingers, handling and

5

fingering. (Tr. 16). The vocational expert testifying in the case offered that Claimant could perform the jobs of counter clerk, records clerk, and retail sales clerk. (Tr. 19). Based upon these findings, the ALJ determined Claimant was not disabled from March 6, 1998 through the date of last insured of December 31, 2007. Id.

The ALJ did not discuss Ms. Owens statement which was a part of the medical record. Nurse practitioners are not "acceptable medical sources," as that term is defined by the regulations. Nurse-practitioners fall within the category of "other sources" and are deemed to be "medical sources" who are not "acceptable medical sources." 20 C.F.R. § 416.913(d)(1). The formulation of Soc. Sec. R. 06-3p was intended as a clarification of existing regulations. This ruling states, in pertinent part:

> [The existing] regulations provide specific criteria for evaluating medical opinions from "acceptable medical sources"; however, they do not explicitly address how to consider relevant opinions and other evidence from "other sources" listed in 20 C.F.R. 404.1513(d) and 416.913(d). With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources . . . are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.

In order to effectuate this express policy, the ALJ should discuss these "other sources" and explain the weight given to any such opinion. Bowman v. Astrue, 512 F.3d 1270, 1275 (10th Cir. 2008). On remand, the ALJ shall consider the opinion of Ms. Owens, set forth the weight given to her opinion, and explain the reasons for the level of weight provided.

### Application of Soc. Sec. R. 83-20

Claimant contends that the lack of evidence after the year 2000 but prior to the date of last insured should compel the ALJ to determine if Claimant is disabled at any point and employ a medical advisor to determine if the disability related to the insured period. Soc. Sec. R. 83-20 provides, in pertinent part:

> With slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling. . . . In such cases, it will be necessary to infer the onset date from the medical and other evidence that describe the history and symptomatology of the disease process. Particularly in the case of slowly progressive impairments, it is not necessary for an impairment to have reached listing severity (i.e, be decided on medical grounds alone) before onset can be established.
>
> In determining the date of onset of disability, the date alleged by the individual should be used if it is consistent with all the evidence available. When the medical or work evidence is not consistent with the allegation, additional development may be needed to reconcile the discrepancy. However, the established onset date must be fixed based on the facts and can never be inconsistent with the medical evidence of record.

7

On remand, the ALJ shall consider whether Claimant was ever disabled, in particular in light of Ms. Owens' opinions, and determine whether Claimant's condition was non-traumatic in origin and progressive in nature such that addition medical advice is required to ascertain whether the disability extended into the relevant period.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

DATED this 27th day of March, 2012.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE